UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARBARA GRAHAM,<br><br>                    Plaintiff,<br>   v.<br><br>NEW YORK LIFE INSURANCE COMPANY,<br><br>                    Defendant. | CASE NO. 3:25-cv-05483-DGE<br><br>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 26) |

This matter comes before the Court on Plaintiff Barbara Graham's motion for default judgment. (Dkt. No. 26.) For the reasons explained below, the Court GRANTS the motion.

## I    BACKGROUND

This is an interpleader action involving a dispute over the proceeds of a life insurance policy administered by Defendant/Interpleader New York Life Insurance Company ("New York Life"). Glenn Lee Graham purchased a $500,000 life insurance policy ("the Policy") from New York Life. (Dkt. Nos. 1 at 2, 6 at 9.) In March 2002, Mr. Graham signed a Change of Beneficiary Request naming his then-wife Constance Graham as the first beneficiary on the

1  Policy and Plaintiff as the second beneficiary. (*Id.*)  In November 2007, Mr. Graham and Ms.
2  Graham dissolved their marriage. (*Id.*)  Under Washington law, if a couple divorces, then a
3  revocation provision applies, which dictates that a life insurance policy passes as if the former
4  spouse, failed to survive the decedent, having died at the time of entry of the decree of
5  dissolution. *See* Wash. Rev. Code § 11.07.010(2)(a).  However, this revocation does not apply if
6  the divorce decree provides otherwise. *See* Wash. Rev. Code § 11.07.010(2)(b)(i).  In Exhibit A
7  of the divorce decree, Mr. Graham was awarded, among other property, "all the benefits from his
8  own . . . life insurance policies." (Dkt. No. 6-3 at 4.)

9       Mr. Graham died on October 1, 2023, (Dkt. No. 6-4 at 2), and both Plaintiff and Ms.
10 Graham made claims for benefits under the Policy (Dkt. Nos. 1 at 3, 6 at 9).  Plaintiff claimed
11 Washington Revised Code § 11.07.010 automatically revoked the designation in favor of Ms.
12 Graham when she and Mr. Graham divorced.  Ms. Graham claimed California was the
13 controlling choice of law and in the alternative, she was exempt from the Washington statute.
14 (*See* Dkt. No. 6-5 at 2–3.)

15      On June 2, 2025, Plaintiff sued New York Life, alleging breach of contract, Consumer
16 Protection Act violations, bad faith, and Insurance Fair Conduct Act violations for failure to pay
17 her the Policy benefits. (Dkt. No. 1 at 4–6.)  On August 11, 2025, New York Life filed a
18 counterclaim and interpleader action to attempt to limit its liability in response to the multiple
19 claims. (Dkt. No. 6.)  New York Life moved for leave to deposit the Policy proceeds with the
20 Court (*id.*), which the Court granted (Dkt. Nos. 15, 22).  On September 23, 2025, New York Life
21 served Ms. Graham with summons and a copy of the complaint. (Dkt. No. 13.)  Plaintiff moved
22 for and was granted an order of default against Ms. Graham. (Dkt. Nos. 17, 19.).  Plaintiff has
23 now moved for default judgment against Ms. Graham. (Dkt. No. 26.)
24

## II   DISCUSSION

After entry of default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b). The general rule upon default is that well-pled allegations in the complaint regarding liability are deemed true. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). However, allegations related to damages must be supported with evidence. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also* Fed. R. Civ. P. 55(b)(2)(B). "A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted" if service was properly effected upon them. *Stand. Ins. Co. v. Asuncion*, 43 F. Supp. 3d 1154, 1156 (W.D. Wash. 2014) (quoting *Sun Life Assur. Co. of Canada, (U.S.) v. Conroy*, 431 F.Supp.2d 220, 226 (D.R.I.2006)). The Court may accordingly, in its discretion, grant default judgment against the non-appearing interpleader defendants where the only remaining claimants demonstrate their entitlement to the funds and do not dispute the respective distributions. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (appearing claimants must demonstrate entitlement to benefits); *Nationwide Mutual Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.6 (4th Cir. 1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund."). In the Ninth Circuit, entry of default judgment is governed by *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). *Eitel* requires the Court to consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–1472.

Based on the *Eitel* factors, default judgment is appropriate. First, both Plaintiff and New York Life would be prejudiced absent entry of default judgment. In interpleader actions, the possibility of prejudice to the defendant and to the plaintiff-in-interpleader are both relevant. *See Asuncion*, 43 F. Supp. 3d at 1156. Without an entry of default, Plaintiff's claims could not otherwise be resolved, and the insurance proceeds would merely sit in the Court's registry. *Cf. Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir.2000) ("Interpleader's primary purpose is not to compensate, but rather to protect stakeholders from multiple liability as well as from the expense of multiple litigation."); *W. Conference of Teamsters Pension Plan v. Jennings*, No. C10–3629, 2011 WL 2609858, at *3 (N.D. Cal. June 5, 2011) ("Plaintiff and [answering defendant] would suffer prejudice if the Court does not enter default judgment. The dispute concerns [d]efendants' competing claims to interpleaded funds. Without entry of default judgment, the competing stakeholders' claims cannot be resolved.").

The remaining factors also support entry of default judgment. In her complaint and answer, Plaintiff asserts her entitlement to the Policy funds by relying on Washington Revised Code § 11.07.010. Neither here, due to her absence, nor in her previous communications with New York Life did Ms. Graham ever provide a substantiated basis for her original assertion that the Policy was governed by California law, or an exception applied to § 11.07.010. The Court finds that Plaintiff has alleged a viable claim such that it is more likely than not that she is entitled to the Policy funds.

The Court notes that the sum of money here, $500,000, neither favors nor disfavors an award of default judgment. *See Jennings,* 2011 WL 2609858 at *3 (finding that the fourth *Eitel* factor is neutral in an interpleader action). Regarding the fifth and sixth *Eitel* factors, by virtue of her absence, Ms. Graham has failed to provide the Court with any excuse for her failure to

1  answer or otherwise defend, and failed to point to any factual dispute that may turn the case in
2  her favor.  Thus, these factors support the entry of default judgment.  And finally, Ms. Graham's
3  absence precludes a full decision on the merits, which the Federal Rule of Civil Procedure
4  normally favor.  Because Ms. Graham failed to take part in this action and has made it
5  impractical, if not impossible to reach a decision on the merits, she has forfeited her right to the
6  Policy proceeds.  The Policy funds shall instead be paid to Plaintiff.

### III   CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment (Dkt. No. 26) is GRANTED.  The Clerk is authorized and directed to draw a check on the funds deposited in the registry of this Court in the principal amount of $500,000.00 plus all accrued interest, payable to Barbara Graham, and mail or deliver the check to Barbara Graham.  Pursuant to Local Rule 67, Plaintiff shall provide her mailing address, and a completed IRS W-9 form directly to the Clerk of Court.

Dated this 1st day of December, 2025.

David G. Estudillo
United States District Judge